IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00133-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SHAWN R. TIESKOTTER, and
2. CRAIG D. PATTERSON,

    Defendants.

## ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME AND CONTINUANCE OF MOTIONS HEARING AND TRIAL DATES

**Blackburn, J.**

The matter before me is defendant Shawn R. Tieskotter's **Unopposed Motion for Extension of Time and Continuance of Motions Hearing and Trial Dates** [#22][1] filed March 29, 2010. I held a hearing on this motion on April 8, 2010. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the hearing.

In determining a motion to continue a trial, the Tenth Circuit has established the following relevant factors:

> (1) the diligence of the party requesting the continuance;
> (2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] (4) The need asserted for the

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> continuance and the harm that [defendant-movant] might
> suffer as result of the district court's denial of the
> continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is "by far the most important." *Id.* at 1476. I have considered carefully each of these factors and find that on balance they weigh heavily in favor of a continuance of the trial.

Defendant's motion implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in
> computing the time within which the trial of any such offense
> must commence:
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance
> granted by any judge . . . at the request of the defendant or
> his counsel or at the request of the attorney for the
> Government, if the judge granted such continuance on the
> basis of his findings that the ends of justice served by taking
> such action outweigh the best interest of the public and the
> defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and

2

do not count toward the 70-day limit. **See** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have discharged these duties.

The motion is unopposed both by the government and co-defendant, and therefore the various averments of fact alleged in therein have been essentially confessed. Thus, those foundational and predicate facts are deemed established, and I need not reiterate them here. Defendant's motion describes the various factors that counsel believes necessitate a continuance of the trial and the filing deadlines in this case, and I adopt and incorporate those facts and the related findings of fact that I entered during the hearing on April 8, 2010.

Defense counsel have been working diligently to review discovery in this matter. Notwithstanding, defense counsel need a reasonable, additional time to receive, organize, and analyze discovery; conduct investigation; prepare pretrial motions; prepare for pretrial hearings; react to my rulings on anticipated pretrial motions; and finalize preparation for trial, which is estimated reasonably to require as many as eight

4

days.  At the hearing on April 8, 2010, the court and counsel analyzed and determined together in a reticulated way the time reasonably necessary to complete each discrete step in the orderly pretrial development of this case, and such analysis and the resultant determinations and deadlines are incorporated by reference.

I relied on the considerable professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order.  Additionally, I was sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *Bloate v. United States*, – S.Ct. –, 2010 WL 757660 (March 8, 2010) (No. 08-728).

Based on the relevant record considered a s a whole, I find that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1)  That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)  That even considering due diligence, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial

5

preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional two hundred ten (210) days from April 8, 2010, should be excluded from the computation of the speedy trial time; and

(4) That, therefore, the ends of justice served by granting the motion outweighs the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Shawn R. Tieskotter's **Unopposed Motion for Extension of Time and Continuance of Motions Hearing and Trial Dates** [#22] filed March 29, 2010, is **GRANTED**;

2. That **two hundred ten (210) days** from April 8, 2010, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

3. That the extant deadlines for the filing of pretrial motions and responses are **VACATED**;

4. That all non-CJA pretrial motions **SHALL BE FILED** by **September 9, 2010**;

5. That any response to a timely filed pretrial motion **SHALL BE FILED** within **fourteen (14) days** of the filing of the motion;

6. That any pretrial motion that the court determines should be set for hearing **SHALL BE SET** for hearing during a telephonic motions setting conference on **October 4, 2010**, at **11:00 a.m.** (MDT), at which the defendants need not appear; provided, furthermore, that counsel for the government **SHALL ARRANGE** and **COORDINATE**

6

the conference call necessary to facilitate the setting conference;

7. That the Trial Preparation Conference, currently scheduled for May 13, 2010, at 1:15 p.m., as well as the trial, currently scheduled to commence on Monday, May 17, 2010, are **VACATED**;

8. That instead, and as agreed by all, the Trial Preparation Conference **SHALL BE HELD** on Friday, **November 5, 2010**, at **1:30 p.m.** (MST);

9. That instead, and as agreed by all, trial by jury **SHALL COMMENCE** on Monday, **November 8, 2010**, at **8:30 a.m.** (MST), in Courtroom A1001, Tenth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, with the court reserving **eight (8) days** for trial; and

10. That the **Trial Preparation Conference Order** [#12], filed March 22, 2010, is **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

Done in chambers April 8, 2010, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench following the hearing on April 8, 2010.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge